NO. 15-3225

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

MICHAEL J. BELLEAU,

PLAINTIFF-APPELLEE,

v.

EDWARD F. WALL and DENISE SYMDON,

DEFENDANTS-APPELLANTS.

On Appeal from the United States District Court
for the Eastern District of Wisconsin
Case No. 1:12-cv-01198-WCG
The Honorable William C. Griesbach, Chief District Court Judge

**MOTION FOR LEAVE TO FILE
BRIEF *AMICUS CURIAE*
OF ELECTRONIC FRONTIER FOUNDATION
IN SUPPORT OF PLAINTIFF-APPELLEE AND AFFIRMANCE**

Adam Schwartz
Jennifer Lynch
Jamie Lee Williams
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:  (415) 436-9333
Facsimile:   (415) 436-9993
adam@eff.org

Attorneys for *Amicus Curiae*

## Introduction

Pursuant to Federal Rules of Appellate Procedure 27 and 29, the Electronic Frontier Foundation ("EFF") respectfully moves this Court for leave to file an *amicus curiae* brief in support of Plaintiff-Appellee Michael J. Belleau and affirmance. Plaintiff-Appellant consents to the filing of this brief, and Defendants-Appellees take no position one way or the other.

*Amicus* briefs may be filed "when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *NOW v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000); *see also Voices for Choices v. Illinois Bell*, 339 F.3d 542, 545 (7th Cir. 2003) (the test is "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs"). Other factors include (a) whether one of the parties "sponsored or encouraged" the filing of the *amicus* brief, and (b) whether the *amicus* brief "merely duplicates the brief of one of the parties." *NOW*, 223 F.3d at 617. All of these factors weigh in favor of granting this motion and permitting the filing of the attached *amicus curiae* brief.

1.     **EFF's Statement of Interest.**

EFF is a member-supported, non-profit civil liberties organization that has worked to protect free speech and privacy rights in the online and digital world for 25 years. With roughly 23,000 active donors and dues-paying members nationwide, EFF represents the interests of technology users in both court cases and broader policy debates surrounding the application of law in the digital age.

EFF has filed *amicus* briefs with this Court in numerous cases involving the application of constitutional principles to emerging technologies. *See, e.g., Backpage.Com, LLC v. Dart*, —F.3d—, 2015 WL 7717221 (7th Cir. 2015); *McCarthy v. Langsenkamp Family Apostolate*, No. 15-1839 (7th Cir.); *United States v. Daoud*, 755 F.3d 479 (7th Cir. 2014). EFF also has filed *amicus* briefs with the U.S. Supreme Court in numerous cases addressing Fourth Amendment protections. *See, e.g., City of Los Angeles v. Patel*, 135 S. Ct. 2443 (2015); *Riley v. California*, 134 S. Ct. 2473 (2014); *Maryland v. King*, 133 S. Ct. 1958 (2013); *United States v. Jones*, 132 S. Ct. 945 (2012); *City of Ontario v. Quon*, 560 U.S. 746 (2010).

**2.    EFF Is Not Affiliated with Any Party.**

No party or party's counsel has authored this brief in whole or in part. No party, party's counsel, or other person has contributed money that was intended to fund preparing or submitting the brief. EFF is not sponsored by or in any way affiliated with any of the parties to this case. EFF files this brief to further its independent interest in protecting location privacy and preserving long-held Fourth Amendment liberties.

**3.    EFF's Brief Offers a Unique Perspective.**

EFF's brief does not merely duplicate the Appellee's brief. Rather, it provides the Court with a unique, and important, perspective on the broader implications of the challenged GPS surveillance program's impact on location privacy. Among other things, this brief presents information and argument about the following:

- The technological nature and capacity of the GPS network, including its remarkable accuracy. *See* Br. at 6-8.
- Public opinion research showing that Americans have a subjective expectation of privacy in their location information. *See* Br. at 12-14.

- The growing number of state statutes—including in all three states within the Seventh Circuit—that protect location privacy. *See* Br. at 14-17.

- The growing number of federal and state courts that have protected location privacy pursuant to federal and state constitutional and statutory guarantees. *See* Br. at 17-21.

## Conclusion

The brief of *amicus curiae* Electronic Frontier Foundation meets the requirements of Federal Rule of Appellate Procedure 29 and provides the Court with an important perspective not offered by the parties to the litigation. For the reasons discussed above, *amicus curiae* respectfully requests that this Court grant leave to file the accompanying brief.

Dated: December 18, 2015                By:  /s/ Adam Schwartz

Adam Schwartz
adam@eff.org
Jennifer Lynch
Jamie Lee Williams
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA  94109

Counsel for *Amicus Curiae*

5

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 18, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 18, 2015　　　　　By:　/s/ Adam Schwartz
　　　　　　　　　　　　　　　　　　　　　Adam Schwartz

　　　　　　　　　　　　　　　　　　*Counsel for Amicus Curiae*